COMMONWEALTH vs. ANSON LAMERE.

On the trial of an indictment on *St.* 1855, *c.* 215, § 17, for being a common seller of intoxi-
cating liquors, evidence that the defendant's shop contained counters, on one of which
was " a pitcher containing something that looked like ale or beer," and " a pump which
looked like a beer pump," is admissible for the Commonweath.

An indictment for being a common seller of intoxicating liquors on a day named, and from
that day to the day of finding the indictment, is supported by proof of three separate
sales within the time alleged.

INDICTMENT, found at October term 1857 of the court of com-
mon pleas, and alleging that the defendant on the 1st of July
1857 and from " said last mentioned day to the day of finding
this indictment" was a common seller of intoxicating liquors.

At the trial before *Bishop*, J., Eben H. Rand testified to a
conversation with the defendant in the defendant's shop at
Lowell. The district attorney asked him to describe the fix-
tures in the shop. This question was objected to; but the
objection was overruled ; and the witness answered that he saw
a counter on each side of the room, and " on one counter a
pitcher containing something that looked like ale or beer, and
a pump which looked like a beer pump."

The only other evidence of the defendant's business was evi-
dence of sales of liquor to one Rogers between the end of
August and the time of finding the indictment. The defendant
asked the judge to instruct the jury that the government were
bound to satisfy them that the defendant was a common seller
on the first day named in the indictment, or that he bore the
character and maintained the business of a common seller
through the whole time alleged in the indictment after that day
But the judge declined to give this instruction ; and instructed
the jury that if they were satisfied that the defendant made
three separate sales at any time between the 1st of July and
the sitting of the grand jury, it was sufficient to justify them in
finding the defendant guilty. The defendant was convicted, and
alleged exceptions.

*T. H. Sweetser*, for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

BY THE COURT. 1. Rand's testimony was admissible and relevant to the issue, as having some tendency to prove the charge of being a common seller of intoxicating liquors. *Indicia* of the business or occupation — decanters, glasses, pitchers, &c. — are competent evidence, as forming one step towards the point sought for. *Commonwealth* v. *Blood, ante,* 74.

2. The instructions to the jury were correct. All the sales were within the time mentioned in the indictment. The particular time of the sales is not material.

*Exceptions overruled.*